Erie County Court forfeiting certain intoxicating liquors and directing delivery of the same to the sheriff of Erie county for destruction or lawful sale, the proceeds to be deposited with the county treasurer. Defendant contended that the search and seizure was unreasonable and unlawful.

*Charles J. Knoell* and *Corden T. Hackett* for appellants.

*Guy B. Moore, District Attorney (John J. Kane* and *Walter F. Hofheins* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

G. B. BEAUMONT COMPANY et al., Appellants, *v.* CHARLES H. DARMSTADT, INC., Respondent.

*Negligence — collapse of temporary supports — action to recover amounts paid in settlement of actions for death and for personal injuries.*

*Beaumont Co.* v. *Darmstadt, Inc.,* 206 App. Div. 604, affirmed.

(Argued April 3, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 26, 1923, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. This action was brought to recover the amounts paid by plaintiffs in the settlements of the cases of Annie V. Lannon, as administratrix, against G. B. Beaumont Company, and Michael Hannigan against G. B. Beaumont Company, and the workmen's compensation claim of Patrick Dillon against G. B. Beaumont Company, and the disbursements incurred in defending these actions and the latter proceeding, on the ground that the defendant Charles H. Darmstadt, Inc., was the active wrongdoer whose negligence was the primary, efficient and proximate cause of the collapse of the portion of a structure which caused the injuries to Lannon, Hannigan and Dillon. The negligence charged against the defendant Darmstadt Company was that its agents, servants and

employees carelessly and negligently dug a trench or excavation for the installation of certain sewage or drain pipes in the soil of the cellar bottom in that portion of the cellar above which the plaintiff Beaumont Company had erected temporary forms for the purpose of temporarily supporting the cinder concrete used in the fireproof construction of the first or ground floor of the apartment at No. 170 New York avenue, Brooklyn; that such trench was dug in such a negligent and careless manner and so close to the wooden supports of the temporary forms as to cause said wooden supports to slide into the trench and to give away, with the result that on January 3, 1917, the said temporary forms and the cinder concrete placed therein fell into the cellar beneath.

*George F. Hickey* and *William Butler* for appellants.
*E. C. Sherwood* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* THOMAS J. RYAN, Appellant.

*Crimes — bigamy — judgment convicting defendant of crime of bigamy affirmed.*

People v. *Ryan*, 207 App. Div. 861, affirmed.
(Submitted April 3, 1924; decided May 13, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 16, 1923, which affirmed a judgment of the Queens County Court rendered upon a verdict convicting the defendant of the crime of bigamy.

*Rufus Lewis Perry* for appellant.
*Richard S. Newcombe, District Attorney (Charles W. Froessel* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.